SUPREME COURT,
STATE OF COLORADO.

Case No._____

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 4 2008

GREGORY C. LANGHAM
CLERK

Joe Nunez, Petitioner,

VS.

'08 - CV - 01732

Bent County District Court; Colorado Court of Appeals

Respondents.

District Court Case ___05-CR-009___

Appeal Case:__08-CA-0194___

Certiorari:__07SC-468___

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG -1 2008

GREGORY C. LANGHAM
CLERK

## PETITION IN NATURE OF WRIT OF MANDAMUS:

COMES NOW, Joe Nunez petitioner herein, pro se, now files this petition and respectfully submit reasons why this Writ should be granted.

### JURISDICTION:

1.   The Court has vested jurisdiction and express authority to construct this petition to be either a petition for writ of Mandamus, or a C.A.R. Rule 21. because pro se pleadings are to be given liberal reading, Haines V. Kerner, 404 U.S. 519-530 (1972)

Thus, the Court has jurisdiction to hear this petition and even grant relief under Rules 104-106 and by the laws of the United States and Colorado constitution.

1.

<u>EXTRAORDINARY CIRCUMSTANCES FOR GRANTING WRIT</u>:

I.   ABUSE OF JUDICIAL PROCESS involving deviation of the District Court's funct
     ion in the orderly administration of justice; and

II.  Ineffective Legal Assistance issue precluded to be previously raised due to
     improper proceedings conducted in the courts below.

     BACKGROUND/Supporting Facts:

2.   On April 4, 2005 the petitioner was charged on six counts related to a low
     level drug's criminal episode involving about 5 ounces of marijuana, 3 guns
     and a digital scale found in his residence.   Also, the information included
     "7. 1/2 grams of cocaine and over 4,000 in cash".

3.   On Aug. 1, 2005 the petitioner agreed, under his counsel's advice, to plead
     guilty in exchange for a four-year sentence or possibility of probation, as
     this was petitioner's first felony conviction.

4.   The issue raised in appeal and certiorary was "WHETHER MR. NUNEZ GUILTY
     PLEA WAS THE RESULT OF A KNOWING, VOLUNTARY, OR INTELLIGENT DECISION ?
       The Court of appeals affirmed as proper the district court process and the
     state Supreme Court denied certiorari on Aug. 13, 2007.

5.   On about Aug. 2007 and with the help of other inmates, petitioner filed a
     35 (c) motion with the District Court in an standard "4 Form" but merely
     marking the squares (4) and (5) in the Form. <u>Exhibit-A</u>. (Four pages)

     (4): "That there exist evidence of material facts not theretofore presented
          and heard, which by the exercise of reasonable dilligency, could not
          have been known to or learned by the defendant or (appeal) attorney
          prior to admission of issues to the court or jury, and which requires
          vacation of the conviction or sentence in the interest of justice;

     (5)  "Any other ground otherwise properly the basis for collateral attack
          upon a criminal judgment"

6.   In response to petitioner's 35 (c) motion, on Oct. 29, 2007 the District
     Court denied the motion by considering LACK OF SPECIFICITY in the motion.
     <u>Exhibit-B</u>. (two pages)

7.   On Dec. 24, 2007 petitioner filed "MOTION TO STRIKE" previous motion as ..

2.

...to permit him to re-"address his issues" to no avail, on Feb. 2, 2008 the District court summarily denied said "MOTION TO STRIKE" by stamping MOTION DENIED in the second page of petitioner's motion, <u>Exhibit-C</u> (two pages)

ARGUMENT:

8.   Petitioner asserts that in the postconviction proceeding, the district court abdicated judicial function by declining to follow statutory provisions in Rule 35 (c) 2. III that specifically mandates district courts that "IF A MOTION SUBSTANTIALLY FAILS TO COMPLY WITH FORM 4, PETITION FOR POST-CONVICTION PURSUANT TO CRIM. P. 35 (c), THE COURT SHALL RETURN TO THE DEFENDANT A COPY OF THE DOCUMENT FILED ALONG WITH A BLANK FORM 4 AND DIRECT THAT A MOTION IN SUBSTANTIAL COMPLIANCE WITH THE FORM BE FILED WITHIN 45 DAYS"

9.   AS held by the Court in <u>Taylor V. Illinois</u>, 484 U.S. 400 (1988) IN ORDER TO FUNCTION EFFECTIVELY, THE ADVERSARY PROCESS REQUIRES ADHERENCE TO RULES AND PROCEDURES THAT GOVERN THE ORDERLY PRESENTATION OF FACTS AND ARGUMENTS TO PROVIDE EACH PARTY WITH A FAIR OPPORTUNITY TO ASSAMBLE AND SUBMIT EVIDENCE TO CONTRADICT OR EXPLAIN THE OPPONENT'S CASE, Id. at 410-411.

10.   In the case at hand, not only the district Court but petitioner's appellate counsel openly manipulated to avoid evidentiary process that would have disclose substantial basis for vacation of conviction and sentence.

Back to the plea agreement issue, OFFICERS OF THE COURT RESORTED TO DECEITFUL TWOFOLD CONTRADICTORY BUT SELF-SERVICE PLEA AGREEMENT DOCUMENT.

11.   During the providency hearing, petitioner counsel's performance not only fell below constitutional standards noted by the <u>Strickland</u> Court but openly abandoned her client's case by conforming the prosecutor's wishes and questionable manipulations.

12.   Factually, the providency hearing matters were not limited to the record made in open court included (out of the record) the judge's personal participation, along with the detectives who arrested the petitioner, CBI agent, prosecutor and petitioner's counsel, petitioner's being subjected to undue influence through aggressive demands and ominous obnocious fear provoking tactics insting the petitioner to "cooperate" as police informant.

13.   Lamentably, in this case the judge was certainly mislead by the detectives who avoided to inform him that the information they were requested to the petitioner could be obtained without petitioner's help.

At the end, the petitioner's plea "agreement" was fixed by the detectives

3.

...to be an excessive total of 21 years (16 plus 5 parole) under the condition that if petitioner decide to "cooperate" and send information to the detectives, he would be re-sentenced to four years or possibly probation.

14.  In this case, officers of the court exerted upon the petitioner the type of coercive duress tactics rejected by the Court in <u>Webb V. Texas,</u> 409 U.S. 95, (1975) by concluding that "THE UNNECESSARY STRONG TERMS USED BY THE JUDGE COULD WELL HAVE EXERTED SUCH DURESS..AS TO PRECLUDE HIM FROM MAKING A FREE AND VOLUNTARY CHOICE", the Court also noted that "THREATS MAY ALSO BE SUBTLE, AN FBI AGENT'S STATEMENTS TO DEFENSE WITNESS THAT HE KNEW ABOUT THE PROBLEM IN COLORADO WHERE THE DEFENSE WITNESS WAS UNDER INDICTMENT, WAS HELD TO CONSTITUTE A VIOLATION OF DUE PROCESS, WHEN THE WITNESS THEREAFTER DECLINED TO TESTIFY"

15.  In the case at hand, inclusive the record made in "open court" shows that officers of the court took adventage over this iliterate/10 year-old level of reasoning in the criminal milieu, as to subject him to a "process" with identifiable strong admonitions, mixed with confusing stipulations beyond his level of understanding as to condition his ability to respond to a mere "Yes, Sir" reflex. *

16.  Inclusive the State Attorney of Record, responding on petitioner's appeal, noticed that "NUNEZ ANSWERS TO THE COURT'S QUESTIONS ABOUT WHETHER HE UNDERSTOOD THE PLEA AGREEMENT WERE CONVOLUTED AND CONTRADICTORY" <u>Answ, Br. P. 5.</u>

17.  Being an iliterate person and totally unfamiliar with court proceedings, the petitioner was caught in a sort of prosecutorial ambush, "or the old fox-and-hounds approach to litigation that produces inaccuracies in the orderly administration of justice, <u>People V. District Court,</u> 187 Colo. 333, 531 P. 2d. 626 (1975) Id. at 628-29.

Also, the Court in <u>Garcia V. District court</u> found similar instance in which the legal process was distorted as to become "A POKER GAME (by the prosecution) IN WHICH THE PLAYERS ENJOY ABSOLUTE RIGHT ALWAYS TO CONCEAL THEIR CARDS UNTIL PLAYED", id. at 924-30, Colo. 38, 589 P. 2d. (1979); Adopted from Williams V. Florida, 399 U.S. 78-82 (1970)

18.  In the case at hand, even petitioner's counsel made this clear: "WHICH MEANS THAT THE COURT CAN DO ANYTHING IT WANTS UP TO SENTENCING HIM 16 YEARS DOC" <u>Vol. II, P. 2.</u>

* Currently struggling to assimilate[4] providency hearing issues and basics of English grammar.

19.   In imposing the total sentence of 21 years, the district Court relied on

statute 18.1-105 (1) (a) applicable only "IF THE CONVICTION IS SUBSEQUENT TO

PRIOR CONVICTION, H. B. 94-1126, incompatible with petitioner's case, please

see attached Exhibit-D, (one page)

WHEREFORE, PREMISES CONSIDERED, this petition should be granted in the
interest of justice with directions to lower courts to vacate judgment of
conviction and sentence for purpose of resentencing the petitioner to the
four-year promised to him or with any specific instruction as the Honorable
Court determines proper as to ensure the orderly administration of justice.


VERIFICATION:

Petitioner Joe Nunez herein declares under penalty of perjury that he has

read the above petition and that all its contents are true to the best of

his own knowledge.


_Joe Nunez_

Joe nunez


Subscribed and declared before my Seal this 2ⁿᵈ day of July 2008

My Commission Expires: 5-27-09

_Joseph G. Peter_
Notary Public


STATE OF COLORADO,)
                   ) SS.
COUNTY OF Fremont )

NOTARY PUBLIC
Joseph
G.
Peter
STATE OF COLORADO


5.

**EXHIBIT-A**
**- 4 pages -**

| | |
|---|---|
| District Court <u>Bent</u> County, Colorado<br>Court Address: 7 2 5 B e n t A v e n u e<br> L a s A n i m a s , C o l o r a d o 8 1 0 5 4 | Filed in the Combined Refiled in the Combined<br>Court of Bent County Court of Bent County |
| **People of the State of Colorado**<br><br>v.<br><br>**Defendant** J o e N u n e z | JUN 2 6 2007   JUN 1 8 2007<br><br>*Vicki Lefferdink.* Clerk *Vicki Lefferdink.* Clerk<br>▲   COURT USE ONLY   ▲ |
| Attorney or Party Without Attorney (Name and Address) Pro se<br>Joe Nunez 128687<br>FFMCC Unit E-1 P.O. Box 200<br> Canon, City, Colorado 81215 | Case Number: 0 5 C R 9<br><br><br>Division          Courtroom |
| **PETITION FOR POSTCONVICTION RELIEF PURSUANT TO CRIM. P. 35(c)** | |

## CONVICTION UNDER ATTACK

1.  What was the date of your conviction? <u>September 26, 2005</u> (day/month/year).

2.  Which of the following resulted in your conviction? ☒PLEA, ☐JURY TRIAL, OR ☐COURT TRIAL.

3.  Were you represented by an attorney? ☒YES ☐NO

If yes, list the names and addresses of any attorney who has ever represented you in this case. Attach additional sheets if necessary.

Name:     <u>Karen Verhoeff</u>          Name:     _____

Address:  <u>34391 RD 29</u>            Address:  _____

          <u>Holly, Colorado 81047</u>            _____

          <u>719-739-4014</u>                    _____

Nature of Representation (for example: preliminary hearing, plea, trial)

          <u>Preliminary Hearing</u>          _____
          <u>Plea & Sentencing</u>            _____

## DIRECT APPEAL

4.  Was this case appealed? ☒YES ☐NO    If yes, please provide the following:

Appeal Case Number: <u>05CA2406</u>

Appellate Court: <u>Colorado Court Of Appeals</u>

     Result: <u>Denied</u>                Date: <u>May 3, 2007</u>

## POSTCONVICTION PROCEEDINGS

5.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal, such as Rule 35(a), Rule 35(c), or a Writ of Habeas Corpus? ☐YES ☒NO

FORM 4  7/04   PETITION FOR POSTCONVICTION RELIEF PURSUANT TO CRIM. P. 35(c)          Page 1 of 4

6.  If your answer to **5** was "YES" give the following information for each petition filed:

    a.  FIRST petition, application or motion.

        (1)  Name of court _____

        (2)  Nature of proceeding (for example, Rule 35(a), Rule 35(c), § 2254 Writ of Habeas Corpus)

        _____

        (3)  Claims raised

        _____

        _____

        (4)  Name of attorney if any _____

        (5)  Did you receive an evidentiary hearing on your petition, application, or motion? ☐YES  ☐NO

        (6)  Result _____

        (7)  Date of Result _____

        (8)  Did you appeal the result? ☐YES  ☐NO

          i)  If you did appeal, what was the result and date of the court's decision (or attach a copy of the court's opinion or order)?

          _____

          _____

          ii)  If you did not appeal, briefly explain why you did not.

          _____

          _____

    b.  For a second or subsequent petition, please answer the questions listed in (6)(a)(1) through (7) above.  Attach a separate sheet of paper and state at the top that you are listing other motions or petitions filed in this case.

## REQUEST FOR COUNSEL

⑦ Are you requesting that counsel be appointed to represent you on this petition?

☐YES  ☐NO  If yes, please attached an indigency application (JDF 208).

## CLAIMS

Briefly specify every ground on which you claim that you are being held unlawfully.

- STATE THE FACTS RELATED TO YOUR CLAIM ON ONE PAGE AND PUT ANY LEGAL AUTHORITY ON A SEPARATE PAGE.

- YOU SHOULD RAISE IN THIS PETITION ALL THE CLAIMS FOR RELIEF THAT RELATE TO THE CONVICTION OR SENTENCE UNDER ATTACK.  IF YOU DO NOT RAISE ALL CLAIMS HERE, THE COURT MAY NOT HAVE TO ENTERTAIN LATER MOTIONS FOR SIMILAR RELIEF.

## GROUNDS OF PETITION

*Specify every ground on which you claim that you are being held unlawfully, by placing a check mark in the appropriate box below and providing the required information. Include all facts. Attach pages stating the grounds and the facts referenced to each claim.*

8. The grounds for this Petition are as follows:  (check all that apply)

    a. ☐ The Defendant has sought appeal of a conviction within the time prescribed, and judgment on that conviction has not then been affirmed upon appeal, and there has been a significant change in the law which if applied to this conviction or sentence, the interests of justice allow the retroactive application of the changed legal standard.  (In other words, there was a change in the law and the Defendant is allowed the positive retroactive effect of the change.)

    b. No review of a conviction of crime was sought by appeal within the time prescribed therefore, or a judgment of conviction was affirmed upon appeal.  However, in good faith the Defendant alleges one or more of the following:

        (1) ☐ That the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state.

        (2) ☐ That the Defendant was convicted under a statute that is in violation of the Constitution of the United States or the constitution of this state, or that the conduct for which the applicant was prosecuted is constitutionally protected.

        (3) ☐ That the court rendering judgment was without jurisdiction over the person of the applicant or the subject matter.

        (4) ☒ That there exists evidence of material facts, not theretofore presented and heard, which, by the exercise of reasonable diligence, could not have been known to or learned by the Defendant or his attorney prior to the submission of the issues to the court or jury, and which requires vacation of the conviction or sentence in the interest of justice.

        (5) ☒ Any other ground otherwise properly the basis for collateral attack upon a criminal judgment.

        (6) ☐ That the sentence imposed has been fully served or that there has been unlawful revocation of parole, probation, or conditional release.

*For any box checked, YOU MUST attach a separate sheet of paper with the ground listed at the top of the page and number it accordingly, 8(a), 8(b)(1), 8(b)(2), 8(b)(3), 8(b)(4), 8(b)(5), 8(b)(6), and/or 8(b)(7).  On each separate sheet of paper list each and every fact you feel supports that claim.  Be specific and give details.*

9. Colorado Revised Statutes §16-5-402(1) provides that a person who has been convicted under a criminal statute in Colorado or another state may collaterally attack the validity of that conviction only if such attack is brought within a specified time period or completion of the direct appeal process for that conviction, unless one of the exceptions listed in §16-5-402(2), C.R.S. are applicable.  The specified time periods are as follows:

| | |
|---|---|
| All class 1 felonies: | No limit |
| All other felonies: | Three years |
| Misdemeanors: | Eighteen months |
| Petty offenses: | Six months |

    a. Was this petition filed within the time limits set forth in §16-5-402(1), 6 C.R.S. (above)?
        ☒ YES    ☐ NO

FORM  4   7/04    PETITION FOR POSTCONVICTION RELIEF PURSUANT TO CRIM. P. 35(c)        Page 3 of 4

b.   If not, check any applicable exceptions listed in §16-5-402(2), 6 C.R.S., and state the FACTS that relate to the exception.  DO NOT MAKE LEGAL ARGUMENTS.

(1) ☐ The court entering judgment of conviction did not have jurisdiction over the subject matter of the alleged offense;

(2) ☐ The court entering judgment of conviction did not have jurisdiction over the person of the Defendant;

(3) ☐ The failure to seek relief within the applicable time period was caused by an adjudication of incompetence or by commitment of the Defendant to an institution for treatment as a mentally ill person; or

(4) ☐ The failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect.

*For every ground you checked as grounds for this petition not being filed within the statutory time limits, YOU MUST attach a separate sheet of paper with that ground listed at the top of the page and numbered accordingly 9(b)(1), 9(b)(2), 9(b)(3), and/or 9(b)(4).  On this separate sheet of paper list each and every fact you feel supports this claim.  Be specific and give details.*

## SUCCESSIVE PETITIONS

**Important Notice Regarding Additional Petitions:**

With specific exceptions provided for in Criminal Procedure Rule 35(c)(3)(VII), the court shall deny any claim that could have been presented in an appeal or postconviction proceeding previously brought.

Therefore, all claims related to the conviction under attack in this petition must be listed in this petition, or future motions may be denied.

Wherefore, petitioner prays that the Court grant relief to which petitioner may be entitled in this proceeding.

_Joe Nunez_  
PETITIONER'S ORIGINAL SIGNATURE

_6-25-07_ (date)

Joe Nunez 128687  
PETITIONER'S PRINTED NAME

FMCC-E P.O. Box 200  
ADDRESS

Canon City, Colorado 81215  
CITY, STATE, ZIP CODE

PHONE NUMBER

EXHIBIT-B
(2-pages)

| DISTRICT COURT, BENT COUNTY, STATE OF COLORADO<br><br>725 Bent Avenue<br>Las Animas, CO 81054<br>719-456-1353 | FILED IN THE COMBINED COURT OF BENT COUNTY<br>10-29-07<br>*Vicki Lefferdink,* Clerk<br><br>▲ FOR COURT USE ONLY ▲ |
|---|---|
| The People of the State of Colorado<br><br>vs.<br><br>**JOE NUNEZ,**<br><br>Defendant. | Case Number:   05CR009<br><br>Div.:  A |

## ORDER DENYING MOTION FOR
## POST CONVICTION RELIEF PURSUANT TO CRIM. P. 35(c)

THIS MATTER comes before the Court upon the Defendant's Motion for For Post conviction Relief Pursuant to Crim. P. 35(c) filed by him *pro se* on October 24, 2007.

As grounds for his petition the defendant allege "That there exists evidence of material facts, no heretofore presented and heard, which, by the exercise of reasonable diligence, could not have been known to or learned by the Defendant or his attorney prior to the submission of the issues to the court or jury, and which requires vacation the conviction or sentence in the interest of justice. " He also alleges that there are others grounds which are the proper basis for collateral attack upon a criminal judgment.

However, contrary to the printed instructions which are a part of the standard form for filing a motion pursuant to Crim. P. 35(c), and which are printed on the form used by the defendant, he did not specify the grounds which he believes support his claim by giving specifics, either on the form itself or, as required by the instructions, on a separate attached page.

Further, since the defendant entered a plea of guilty, in which the written plea agreement provide for not only and admission of guilt (see Plea Agreement, paragraph 1) and a waiver of any right to require the People to establish a factual basis for his plea (see Plea Agreement, paragraph 7) but also for a sentence to the Department of Corrections within the range of four to sixteen years (see Plea Agreement, paragraphs 3 and 4), the validity of which plea as upheld by the Court of Appeals (see Court of Appeals case 05CA2406 unpublished order announced May 3, 2007), the Court cannot perceive of any facts which might be within the purview of the grounds for relief now

cited by the defendant which could not have been raised in his appeal, not the defendant cite any such facts in his motion or any attachment thereto which have come to light since either the plea or the filing of his appeal.

Finally, there was no trial in this case, but rather an admission of guilt by the defendant, so there was no factual dispute ever before the Court.

Although the petition here was timely filed by the defendant, it fails to state adequate factual or legal grounds of relief which are, or may be, meritorious in light of the facts in the record and the procedural history of the case.

The Court thus concludes that the defendant's Petition for Postconviction Relief Pursuant to Crim. P. 35(c) is non-meritorious.

**IT IS THEREFORE, ORDERED** that, pursuant to Crim. P. 35(c)(3)(IV) the petition shall be and is hereby dismissed.

Done on October 29, 2007.

BY THE COURT

M. Jon Kolomitz, Judge

xc: Def
DA
wc
11-6-07

EXHIBIT-C
(2- pages)



| DISTRICT COURT,_____BENT_____ COUNTY, COLORADO<br>Court Address: 725 BENT AVENUE<br>LAS ANIMAS, CO. 81054 | Filed in the Combined<br>Court of Bent County<br><br>DEC 2 6 2007<br><br>*Vicki Lefferdink*, Clerk |
|---|---|
| **Plaintiff(s):** THE PEOPLE OF THE STATE OF COLORADO<br><br><br>v.<br>**Defendant(s):** JOE NUNEZ | |
| | **▲COURT USE ONLY▲** |
| Attorney or Party Without Attorney:<br><br>Name: JOE NUNEZ<br>      P.O. BOX 200<br>Address: CANON CITY, COLORADO 81215 | Case No: 05CR009<br><br><br>Div.:   A        Ctrm.: |
| MOTION TO STRIKE POST CONVICTION RELIEF MOTION | |

COMES NOW, JOE NUNEZ, Defendant, appearing pro se, and respectively
moves this Honorable Court to set it's "ORDER" for MOTION TO STRIKE POST CON-
VICTION RELIEF MOTION. In support, the Defendant states the following:

JURISDICTION:

JOE NUNEZ, was before this Court pursuant to Case No:05CR009. The Defen
dant filed a pro se Post Conviction Relief Motion on October 24. In which, He
requested appointment of counsel and briefly filled out the the form and pre-
sented it to this Court. Upon filing the motion, the Defendant did not receive
any response from this Court and October 29, 2007, the Defendant did receive
an answer from this Court (denying) his post conviction relief motion. This
Court has jurisdiction in this matter.

ARGUMENTS:

1) The Defendant is before this Court and humbly is requesting that his Motion For Post Conviction Relief be stricken from the record and the defendant be allowed to address specific issues not addressed in his earlier motion.

2) The Defendant is not an attorney and has been unable to attack his arguments based on the fact that he cannot understand the complexities of his case. DOC records will concur that the Defendant is in the GED Class and has struggled to understand grammar and other aspects of the English language. The Defendant is utilizing an inmate para pro to type this letter and to possibly address key issues pursuant to his case.

3) The Defendant requested appointment of counsel, but was denied and therefore leaving it up to the Defendant to attack his case. This Honorable Court in fact denied his motion, based on the fact the Defendant did not argue any constitutional issues. If this Court will strike his earlier motion the defendant cannot address key issues that will be meritorious before this court and not waste the time of this Court.

CONCLUSION: JOE NUNEZ, motions this Court to strike his earlier motion. And to allow him to re address his issues before this Court.

WHEREFORE, Joe Nunez, files this motion in the best interest of justice. The defendant prays and hopes this Court will set it's "ORDER" and strike his earlier motion and allow him to come back before this Court and argue his key issues pursuant to his case.

Respectively Submitted;

_Joel Nunez_

JOE NUNEZ

ORDER

Above Motion: GRANTED/DENIED
Above        : APPROVED/DISAPPROVED  10/24/07
Other        : _See order of_
On: 1/24/0_

M. Jon Kolomitz, Judge

## EXHIBIT-D

West's Colorado Rev.Stat.Ann.                    CRSA § 18-18-405, Unlawful distribution,
manufacturing, dispensing, sale, or possession

`---------------------------` **Page 30300 follows** `---------------------------`
   (b) If the conviction is subsequent to a prior conviction for a violation to
which this subsection (4) applies, such person shall be sentenced to the
department of corrections for at least a minimum term of twenty years
notwithstanding a lesser minimum term of incarceration in the presumptive range
provided for such offense in section 18-1-105(1)(a).

   (c) For the purposes of this section, the term "public housing development"
means any low-income housing project of any state, county, municipal, or other
governmental entity or public body owned and operated by a public housing
authority which has an on-site manager.  "Public housing development" shall not
include single-family dispersed housing or small or large clusters of dispersed
housing which have no on-site manager.

   (5) When a person commits unlawful distribution, manufacture, dispensing,
sale, or possession with intent to manufacture, dispense, sell, or distribute
cocaine, pursuant to subsection (1) of this section, twice or more within a
period of six months, without having been placed in jeopardy for the prior
offense or offenses, and the aggregate amount of cocaine involved equals or
exceeds twenty-eight grams, the defendant shall be sentenced pursuant to the
mandatory sentencing requirements specified in subsection (3) of this section.

### CREDIT(S)

### 1997 Electronic Update

Repealed and reenacted by Laws 1992, H.B.92-1015,  1, eff. July 1, 1992.
Amended by Laws 1993, H.B.93-1085,  2, eff. July 1, 1993;  Laws 1994,
H.B.94-1126,  24, eff. July 1, 1994.

   <General Materials (GM) - References, Annotations, or Tables>

### HISTORICAL NOTES

### HISTORICAL AND STATUTORY NOTES

### 1997 Electronic Update

   The 1993 amendment in par. (4)(a), substituted "any person" for "a person
under the age of eighteen years", deleted "or" preceding "vocational school",
inserted "or public housing development" twice;  and added par. (4)(c).

   Section 5 of Laws 1993, H.B.93-1085, amending pars. (4)(a) and (c), provides:

   "Effective date--applicability.  This act shall take effect July 1, 1993, and

Copyright (c) West Group 1997  No claim to original U.S. Govt. works

| | |
|---|---|
| Colorado Supreme Court<br>2 East 14th Ave., Fourth Floor<br>Denver, CO 80203 | |
| Original Proceeding<br>District Court, Bent County, 2005CR9 | |
| **In Re:**<br><br>**Plaintiff:**<br><br>The People of the State of Colorado,<br><br>**v.**<br><br>**Defendant:**<br><br>Joe Nunez. | Supreme Court Case No:<br>2008SA232 |
| ORDER OF COURT | |

Upon consideration of the Motion to Proceed In Forma Pauperis and Petition in Nature of Mandamus filed in the above cause, and now being sufficiently advised in the premises,

IT IS ORDERED that said Motion to Proceed In Forma Pauperis shall be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that said Petition in Nature of Mandamus shall be, and the same hereby is, DENIED.

BY THE COURT, EN BANC, JULY 11, 2008.
CHIEF JUSTICE MULLARKEY does not participate.

