IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01732-BNB

JOE NUNEZ,
    Applicant,

v.

PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 19 2008

GREGORY C. LANGHAM
                    CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Applicant Joe Nunez is a prisoner in the custody of the Colorado Department of Corrections at the Four Mile Correctional Center at Cañon City, Colorado. Mr. Nunez initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 9, 2008, he filed an amended habeas corpus application challenging the validity of his conviction and sentence in case number 05CR009 in the Bent County District Court.

In an order filed on September 23, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. On October 6, 2008, Respondents filed their Pre-Answer Response. Mr. Nunez was given an opportunity to file a reply to the Pre-Answer Response but he has not done so.

The Court must construe the amended application liberally because Mr. Nunez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application in part.

Mr. Nunez was convicted pursuant to his guilty plea to one count of possession with intent to distribute a controlled substance and he was sentenced to sixteen years in prison and five years of mandatory parole. The judgment of conviction was affirmed on direct appeal. *See People v. Nunez*, No. 05CA2406 (Colo. Ct. App. May 3, 2007) (unpublished). Mr. Nunez filed a petition for writ of certiorari on direct appeal that the Colorado Supreme Court denied on August 13, 2007.

Mr. Nunez also has challenged his conviction in two separate state court postconviction proceedings. He first filed a postconviction Rule 35(c) motion that the trial court denied on October 29, 2007. On March 18, 2008, the Colorado Court of Appeals dismissed Mr. Nunez' appeal from the order denying the Rule 35(c) motion because the appeal was untimely. Mr. Nunez then filed an original petition for writ of mandamus in the Colorado Supreme Court. The Colorado Supreme Court denied the original mandamus petition on July 11, 2008, without addressing the merits of the claims Mr. Nunez asserted. The Court received the instant action for filing on August 1, 2008.

Mr. Nunez asserts two claims for relief in the amended habeas corpus application filed on September 9, 2008. He specifically claims that (1) his guilty plea

2

was not made voluntarily with a full understanding of the consequences of the plea and that (2) counsel was ineffective for advising him to plead guilty.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C. § 2244(d) and that Mr. Nunez has exhausted state remedies for his claim challenging the voluntariness of his guilty plea. However, Respondents contend that Mr. Nunez' ineffective assistance of counsel claim is not exhausted and is procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459

3

U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court has reviewed the state court briefs and other documents submitted by Respondents and finds that Mr. Nunez did not raise his ineffective assistance of counsel claim on direct appeal. Although the ineffective assistance of counsel claim is related to the involuntary plea claim that Mr. Nunez exhausted on direct appeal, Mr. Nunez cannot exhaust state remedies by presenting to the state courts a different claim than he raises in federal court. *See Picard*, 404 U.S. at 276. "[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). Therefore, because Mr. Nunez did not raise an ineffective assistance of counsel claim on direct appeal, the ineffective assistance of counsel claim was not exhausted on direct appeal.

The Court also finds that Mr. Nunez did not raise an ineffective assistance of counsel claim in his Rule 35(c) motion. Furthermore, Mr. Nunez did not exhaust state remedies for any claims in the Rule 35(c) proceedings because he did not file a timely appeal from the denial of the Rule 35(c) motion. Therefore, whatever claims Mr. Nunez

may have raised in the Rule 35(c) motion were not fairly presented to the state's highest court.

Finally, although not discussed by Respondents, Mr. Nunez did raise an ineffective assistance of counsel claim in his original petition for writ of mandamus to the Colorado Supreme Court. However, the Court finds that the mandamus petition Mr. Nunez filed does not satisfy the requirement that a claim be fairly presented to the state's highest court. If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at 351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). Therefore, because the Colorado Supreme Court declined to address the merits of the claims Mr. Nunez raised in his original petition for a writ of mandamus, that petition does not constitute fair presentation of the ineffective assistance of counsel claim or any other claim.

Although Mr. Nunez failed to exhaust state remedies for his ineffective assistance of counsel claim, the Court may not dismiss that claim for failure to exhaust state remedies if Mr. Nunez no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. Mr. Nunez no longer has an adequate

5

and effective state remedy available to him because the Colorado Rules of Criminal Procedure provide that a court shall deny any claim that could have been raised in a prior postconviction motion with limited exceptions that are not applicable to the ineffective assistance of counsel claim Mr. Nunez failed to raise in his Rule 35(c) motion. *See* Colo. R. Crim. P. 35(c)(3)(VII). Therefore, the ineffective assistance of counsel claim is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Nunez' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Nunez fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his ineffective assistance of counsel claim will result in a fundamental miscarriage of justice. Therefore, the Court finds that Mr. Nunez' ineffective assistance of counsel claim is procedurally barred and must be dismissed.

In summary, the Court will dismiss Mr. Nunez' ineffective assistance of counsel claim as procedurally barred. Respondents concede that this action is timely and that Mr. Nunez' involuntary plea claim is exhausted. Therefore, upon completion of the

Court's review pursuant to D.C.COLO.LCivR 8.2C, the case will be drawn to a district judge and to a magistrate judge. See D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Applicant's ineffective assistance of counsel claim is dismissed for the reasons stated in this order. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 18 day of Nov., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01732-BNB

Joe Nunez
Prisoner No. 128687
Four Mile Corr. Center
PO Box 200
Cañon City, CO 81215- 0200

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on \_\_11\\19\\08\_\_

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk