IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01732-CMA-CBS

JOE NUNEZ,
    Petitioner,
v.

PEOPLE OF THE STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
    Respondents.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on the amended "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2254" ("Petition") (filed September 9, 2008) (doc. # 6). Pursuant to the Order of Reference dated January 30, 2009 (doc. # 17), this civil action was referred to the Magistrate Judge to, *inter alia*, "[s]ubmit proposed findings of fact and recommendations . . . ." The court has reviewed the Petition, Respondents' Answer (filed January 29, 2007) (doc. # 16), the pertinent parts of the state court record, the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.    Statement of the Case

Mr. Nunez is currently incarcerated at the Colorado Department of Corrections ("CDOC") Sterling Correctional Facility ("SCF") in Sterling, Colorado. On April 4, 2005, Mr. Nunez was charged by an Information in Bent County Case No. 05CR9 with one count of distribution of a schedule II controlled substance, two counts of possession with intent to distribute a schedule II controlled substance, and three special offender sentencing enhancers. (*See* State Court Record

1

(doc. # 21) at pp. 16-18).  On August 1, 2005, Mr. Nunez pled guilty to Count Two for possession of a schedule II controlled substance (between 25 and 400 grams of cocaine) with the intent to distribute pursuant to Colo. Rev. Stat. § 18-18-405(1), (2)(a)(I)(A), (3)(a)(I), a class three felony, in exchange for the dismissal of the remaining five counts and two other felony drug cases: Bent County Case Nos. 03CR45 and 05CR17.  (*See* Plea Agreement and Judgment of Conviction, State Court Record (doc. # 21) at pp. 42, 46).  Mr. Nunez was represented at all plea and sentencing proceedings by attorney Karen Verhoeff.

On September 26, 2005, the court sentenced Mr. Nunez to a term of imprisonment of 16 years plus 60 months of mandatory parole.  (*See* Judgment of Conviction, State Court Record (doc. # 21) at p. 46).  On or about November 14, 2005, Mr. Nunez filed an appeal claiming that his guilty plea was not knowing, voluntary, and intelligent because, during the providency hearing, defense counsel was confused about the applicable sentencing range under the plea agreement.  (*See* Appendix A to Respondents' Answer (doc. # 16-3); *see also* State Court Record (doc. # 21) at p. 58).  On May 3, 2007, the Colorado Court of Appeals ruled that the written plea agreement signed by Mr. Nunez and the numerous oral advisements by the trial court, together with Mr. Nunez' repeated assurances that he understood the possible penalty he faced as a result of his guilty plea and his statement that his attorney had not made any promises to him, refuted his claim that his plea was involuntary.  *See People v. Nunez*, No. 05CA2406 (Colo. App. May 3, 2007) (Not Published Pursuant to C.A.R. 35(f)) (Appendix D to Respondents' Answer (doc. # 16-5)).  Mr. Nunez' petition for a writ of certiorari was denied by the Colorado Supreme Court on August 13, 2007. (*See* Appendices E and F to Respondents' Answer (docs. # 16-6 and # 16-7)). The Colorado Court of Appeals issued the mandate on August 17, 2007.  (*See* Appendix G to Respondents' Answer (doc. # 16-8)).

After his conviction was affirmed, but before his petition for certiorari was denied, Mr. Nunez

filed a motion pursuant to Colo. Crim. P. 35(c) on June 25, 2007. (*See* Appendix H to Respondents' Answer (doc. # 16-9)). On July 9, 2007, the state trial court struck the motion from the record for lack of jurisdiction while the case was still on appeal. (*See* State Court Record (doc. # 21)). On or about September 14, 2007, Mr. Nunez filed through counsel a Motion for Reconsideration Pursuant to Crim. P. 35(b), which the state trial court denied. (*See* State Court Record (doc. # 21)). On October 24, 2007, Mr. Nunez filed another motion pursuant to Colo. Crim. P. 35(c). (*See id.*). The state trial court denied the motion on October 29, 2007. (*See* Appendix I to Respondents' Answer (doc. # 16-10)). Mr. Nunez filed an appeal of that order on or about January 30, 2008, which the Colorado Court of Appeals dismissed as untimely on March 18, 2008. (*See* Appendices J and K to Respondents' Answer (docs. # 16-11 and # 16-12)). Mr. Nunez filed a petition for a writ of mandamus in the Colorado Supreme Court on July 8, 2008, which was denied on July 11, 2008. (*See* Appendices L and M to Respondents' Answer (docs. # 16-13 and # 16-14)). Mr. Nunez filed a motion pursuant to Crim. P. 35(a) on May 6, 2008, which the state trial court denied on May 15, 2008. (*See* State Court Record (doc. # 21)).

Mr. Nunez filed this Petition in federal court on September 9, 2008, alleging: (1) that his guilty plea was "not made voluntarily with the understanding of the full consequences of the plea" and (2) that his attorney was ineffective for advising him to plead guilty. (*See* Petition (doc. # 6) at pp. 5-6 of 29).

II.     One-Year Limitation Period for Filing Application for Federal Habeas Relief

Respondents do not challenge the timeliness of the Petition under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).

III.     Exhaustion of State Remedies and Procedural Default

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Before a state prisoner may raise a federal constitutional claim attacking his state conviction in a federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254, he or she must have first exhausted state remedies and provided the state courts with a fair opportunity to apply controlling legal principles to facts bearing on the constitutional claims. 28 U.S.C. § 2254(b)(1). On November 8, 2008, Senior Judge Zita L. Weinshienk dismissed Mr. Nunez' Claim Two, alleging ineffective assistance of counsel, for failure to exhaust state remedies and as procedurally defaulted. (*See* "Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge" (doc. # 10)). Thus, the court addresses only Mr. Nunez' Claim One.

IV.     Merits of Claim One

A.     Standard of Review

Mr. Nunez filed this habeas proceeding after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Consequently, federal review of the Petition is governed by the standards set out in 28 U.S.C. § 2254(d), as amended by the AEDPA. *See Price v. Vincent*, 538 U.S. 634, 638 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)"). Section 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d). The Supreme Court has construed the language of § 2254(d)(1):

> . . . a decision by a state court is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases, or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent. . . ."

*Price*, 538 U.S. at 640. In determining whether the state court decision "involved an unreasonable application of clearly established Federal law" under § 2254(d)(1),

> a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner."

*Price*, 538 U.S. at 640-41 (internal quotation marks and citations omitted).

The Supreme Court has interpreted § 2254(d)(2) to mean that "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockerell*, 537 U.S. 322, 340 (2003). When applying § 2254(d)(2), "the factual issues decided by the [state] court are presumed to be correct and [Mr. Nunez] bears the burden of rebutting this presumption by clear and convincing evidence." *Le v. Mullin*, 311 F.3d 1002, 1010 (10th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1)). *See also Foster v. Johnson*, 293 F.3d 766, 776-77 (5th Cir. 2002) ("To establish that habeas relief is warranted on the § 2254(d)(2) ground . . . a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct.") (citations omitted).

B.   Analysis

Mr. Nunez alleges that the Colorado courts erred in rejecting his claim that his guilty plea

5

was "not made voluntarily with the understanding of the full consequences of the plea." (Petition (doc. # 6) at p. 5 of 29).  More specifically, Mr. Nunez has argued that because his attorney misled him as to the potential sentence, he understood he would receive the minimum possible sentence of four years in prison.  (*See* doc. # 16-2 at p. 9 of 10; doc. # 16-5 at p. 3 of 5).  The court now examines whether the Colorado courts' adjudication was contrary to federal law or based on an unreasonable determination of the facts.

"A defendant's guilty plea must be knowing, voluntary, and intelligent." *United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002) (citations omitted).  "To enter a plea that is knowing and voluntary, the defendant must have a full understanding of what the plea connotes and of its consequences." *Id.* (internal quotation marks and citation omitted).  *See also Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) ("The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.") (internal quotation marks and citation omitted); *Cunningham v. Diesslin*, 92 F.3d 1054, 1060 (10th Cir. 1996) ("In order to comport with due process guarantees, a defendant must have voluntarily and intelligently entered a guilty plea.") (citation omitted); *Miles v. Dorsey*, 61 F.3d 1459, 1465-66 (10th Cir. 1995) ("The general voluntary-intelligent standard for plea taking is rooted in the due process clauses of the Constitution and is therefore applicable in both state and federal courts.") (internal quotation marks and citation omitted).

The federal court will "uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the nature and consequences of the charges and the defendant voluntarily chose to plead guilty." *Cunningham*, 92 F.3d at 1060 (citation omitted).  "The voluntariness of [a] plea can be determined only by considering all of the relevant circumstances surrounding it." *Osborne v. Shillinger*, 997 F.2d 1324, 1327 (10th Cir. 1993) (internal quotation marks and citation omitted).

The Plea Agreement was patently clear as to the minimum and maximum possible sentence in Mr. Nunez' case.  Mr. Nunez acknowledged in writing in the Plea Agreement "that the range of imprisonment to which defendant could be sentenced was four to sixteen years, . . . and that he must be sentenced to the Department of Corrections for a minimum of 4 years."  (*See People v. Nunez* (doc. # 16-5) at p. 2 of 5;  Plea Agreement, State Court Record (doc. # 21) at pp. 42-43).  Mr. Nunez "also stipulated that no promises, agreements, or representations had been made to him other than those set forth in the plea agreement."  (*See id.; see also* doc. # 21 at p. 44).[1]  The court reviewed the Plea Agreement with Mr. Nunez on the record.  (*See* Reporter's Transcript Vol. II at pp. 8-25).

At the providency hearing, Mr. Nunez represented orally to the court that he understood the entirety of the plea agreement and that he was entering into the guilty plea freely and voluntarily. (*See* Reporter's Transcript Vol. II at pp. 6, 8-24, 36-39).  As a result of Mr. Nunez' guilty plea, five additional charges and two additional felony cases were dismissed.  (*See* Plea Agreement, State Court Record (doc. # 21) at p. 42).  Mr. Nunez acknowledged that entering into the plea agreement was in his best interests.  (*See* Reporter's Transcript Vol. II at p. 6).  "[T]he court specifically advised defendant of the presumptive range of imprisonment, four to sixteen years, no fewer than five times."  (*See* doc. # 16-5 p. 2 of 5; *see also* Reporter's Transcript Vol. II at pp. 5-6, 12, 13, 38).  Mr. Nunez "repeatedly stated that he understood that the court could impose a sentence anywhere between four and sixteen years imprisonment, regardless of any promises that had been made to him by others."  (*See* doc. # 16-5 at p. 3 of 5; *see also* Reporter's Transcript Vol. II at pp. 5-6, 12, 13, 38).  Upon accepting Mr. Nunez' guilty plea, the trial court made findings that "Mr. Nunez makes his plea voluntarily, and that it is made knowingly and intentionally and intelligently by him" and "that

---

[1] Mr. Nunez, his counsel, and the prosecutor all agreed to strike and initialed the striking of two portions of the Plea Agreement that mentioned probation or community corrections. (*See* doc. # 21 at p. 43; *see also* Reporter's Transcript Vol. II at pp. 32-33).

Mr. Nunez understands the sentence which will be imposed here which will be a sentence to the Department of Corrections of not less than four nor more than sixteen years followed by a mandatory period of parole of five years. . . ." (Reporter's Transcript Vol. II at pp. 40-41). These findings carry a presumption of correctness. *See Cunningham*, 92 F.3d at 1060 ("[t]o the extent that the question of whether the defendant knowingly and voluntarily made the plea depends on findings of fact made by the state court . . . , these findings . . . , carry a presumption of correctness.").

The Colorado courts' determination that Mr. Nunez' guilty plea was knowing and voluntary is supported by the written plea agreement, the extensive oral advisement by the trial court, and Mr. Nunez' repeated assurances that he understood the possible sentence. Measured against his specific oral and written representations that he entered his guilty plea with a full understanding of his rights and the possible penalties, Mr. Nunez' conclusory allegation that his plea was involuntary is meritless and plainly rebutted by the record. *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) ("Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.") (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)); *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996) (holding conclusory allegations of ineffective assistance of counsel are insufficient to overcome solemn declarations on the part of a movant, like those present in this case, that a plea is knowing and voluntary). Under the totality of the record, the Colorado courts' determination that Mr. Nunez failed to demonstrate that his plea was involuntary was not contrary to established federal law or an unreasonable determination of the facts in light of the evidence. Mr. Nunez is not entitled to federal habeas relief.

Accordingly, IT IS RECOMMENDED that the amended "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2254" ("Petition") (filed September 9, 2008) (doc. # 6) be DENIED and this civil action be DISMISSED with prejudice.

Dated at Denver, Colorado this 15th day of April, 2009.

                                                      BY THE COURT:

                                                      s/Craig B. Shaffer
                                                   United States Magistrate Judge